UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: ) Case No: B-1180072 C-13D
**DUBORIS PETERKIN,** )
**ZALESTRA PETERKIN,** )
  )
        Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on January 14, 2011, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On January 14, 2011, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtors proposes a monthly payment of $1,982.00 for a period of 60 months. There is no estimated return to general unsecured creditors. The Debtors have listed approximately $102,460.00 of unsecured debt in Schedule "F".

5. In Schedule "A", the Debtors list ownership in real property located at 443 Stobhil Lane, Holly Springs, NC ("the real property") valued at $228,500.00. The real property is encumbered by a first deed of trust in favor of EMC Mortgage Corp. ("EMC") and a second deed of trust in favor of Wells Fargo Mortgage ("Wells Fargo"). The Debtors propose to pay both mortgage claims directly to said creditors.

6. As of the filing of this Objection, neither EMC nor Wells Fargo has filed a claim; however, the Debtors asserted in their proposed plan that they are delinquent with both mortgage creditors. According to the proposed plan, the delinquency with EMC is $18,457.28 and with Wells Fargo is $5,135.04.

1

7. In Schedule "B", the Debtors list ownership of five automobiles: a 2007 Ford Expedition, a 2001 Chrysler PT Cruiser, a 1994 Honda Accord, a 1994 Lexus ES 300, and a 1996 Ford Explorer. With the exception of the 1996 Ford Explorer, all of the automobiles are encumbered with liens. The Debtors propose to pay for the 1994 Honda Accord direct and to satisfy the liens on the remaining vehicles through the plan.

8. The Trustee objects to confirmation of the Debtors' plan in that the plan is not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Trustee specifically objects to the Debtors being the disbursing agent on mortgage claims that are in default. Section 1326(c) creates a presumption in favor of the Trustee making payments to creditors and the Debtors have not provided a sound reason to overturn that presumption. In this District, it is a well-established practice that mortgage claims that are in arrears be paid through the Trustee's office.

9. The Trustee objects to confirmation of the Debtors' plan in that the retention of five automobiles and payment of four liens on said automobiles while providing no dividend to unsecured debt of over $100,000 is evidence that the plan is not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The retention of all the automobiles is unnecessary and the release of some of the automobiles may provide for the payment of some dividend to unsecured creditors.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(a)(3) and the case be dismissed for cause pursuant to 11 U.S.C. §1307; or

2. For such other and further relief as the Court may deem just or proper.

This the 23rd day of March, 2011.

                    s/Benjamin E. Lovell
                    Benjamin E. Lovell
                    Attorney for the Trustee
                    State Bar No: 23266
                    P.O. Box 3613
                    Durham, N.C. 27702
                    Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

  This is to certify that I have this day served a copy of the foregoing document upon Timothy J. Peterkin, Esq., PO Box 1427, Knightdale, NC 27545, Duboris and Zalestra Peterkin, 443 Stobhill Ln., Holly Springs, NC 27540, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

  This 23rd day of March, 2011.

                s/Benjamin E. Lovell
                Benjamin E. Lovell, Esq.
                Attorney for the Standing Trustee